

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 5:95-CR-8(5)** |
| | § | |
| | § | |
| **MARCUS DEWAYNE MCKINNEY** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Marcus Dewayne McKinney, violated conditions of supervised release imposed by United States District Judge David J. Folsom of the Eastern District of Texas. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #159]. The Court conducted a hearing on June 28, 2006, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that

such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October 3, 1995, The Honorable David Folsom of the Eastern District of Texas sentenced Marcus McKinney after he pled guilty to the offense of possession of a firearm during a crime of violence and aiding and abetting, a Class C felony. Judge Folsom sentenced Defendant to 120 months imprisonment followed by a three(3) year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution totaling $2,575.83 and a $50 special assessment. On June 1, 2004, Mr. McKinney was released from prison.

On December 7, 2004, the Court revoked Mr. McKinney's first term of supervision. *See Revocation Judgment* [Clerk's doc. #148]. He was sentenced to nine (9) months imprisonment followed by a new twenty-seven (27) month term of supervised release. On July 13, 2005, Marcus

McKinney completed his period of imprisonment and began service of the supervision term. On May 5, 2006, Judge Folsom modified his conditions to include inpatient drug treatment and drug aftercare.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant is to enter and successfully complete an inpatient drug treatment program, until successfully discharged from the program by the director or otherwise instructed by the U.S. Probation Office.*

Specifically, on or about May 8, 2006, Mr. McKinney was admitted into inpatient drug treatment at Oak Haven Recovery Center in Marshall, Texas. On or about May 28, 2006, he discharged from the program without the consent of the facility director or the U.S. Probation Office.

### C. Evidence presented at Hearing:

At the hearing, the government proffered the following evidence as its factual basis for the allegations set out *supra*. The government offered the testimony of United States Probation Officer Beverly Matte and the facility director for Oak Haven Recovery Center. Ms. Matte would state that, as part of his supervision conditions, Mr. McKinney was ordered to successfully complete a drug treatment program. The evidence would show that on May 6, 2006, Mr. McKinney entered Oak Haven in Marshall, Texas. However, on May 28, 2006, he left the facility without the permission of Ms. Matte, his probation officer, or the facility director. This resulted in the unsuccessful discharge of Mr. McKinney from the Oak Haven Recovery Center.

Defendant, Marcus Dewayne McKinney, offered a plea of true to the allegations. Specifically, Mr. McKinney agreed with the evidence presented and pled true to the allegation that he was unsuccessfully discharged from an inpatient drug treatment program in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by failing to successfully complete an inpatient drug treatment program as ordered by the Court. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).; 18 U.S.C. § 3583(g).

Based upon Mr. McKinney's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. Mr. McKinney voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* [Clerk's doc. #167].

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of nine (9) months imprisonment with credit for time already spent in federal custody on this matter. This term of imprisonment is to run concurrently with any sentence imposed by United States District Judge Thad Heartfield in criminal cause number 1:03-CR-83(1), *United States v. McKinney*, pending in the Beaumont Division of the Eastern District of Texas. Pursuant to the Defendant's request, the Court would recommend that Mr. McKinney serve this sentence in the Federal Correctional facility located in Beaumont, Texas, if possible. The Court further recommends that Mr. McKinney receive no further supervision term upon his release.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of July, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE